UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF INDIANA
                         FORT WAYNE DIVISION

NANCY K. RENNER,                      )
                                      )
            Plaintiff,                )
                                      )
     v.                               )    CAUSE No. 1:10-cv-017
                                      )
HALEX/SCOTT FETZER COMPANY,           )
                                      )
            Defendant.                )

## OPINION AND ORDER

### I. INTRODUCTION

In this Title VII discrimination and retaliation case, Defendant Halex/Scott Fetzer Company ("Halex") seeks to dismiss most of Plaintiff Nancy Renner's ("Renner") claims pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting they are not within the scope of the charge of discrimination that she filed with the Equal Employment Opportunity Commission ("EEOC") and thus that she failed to exhaust her administrative remedies. (Docket # 12.) Renner disagrees, contending that the claims Halex seeks to dismiss are "like or reasonably related to" the allegations articulated in her EEOC charge, which is sufficient to exhaust her administrative remedies under Seventh Circuit case law. (Docket # 17.)

For the foregoing reasons, Halex's motion to dismiss will be GRANTED IN PART and DENIED IN PART.

### II. FACTUAL AND PROCEDURAL HISTORY

Renner began working for Halex on May 8, 2007. (Compl. ¶ 13.) On December 10, 2008, she filed a Charge of Discrimination with the EEOC, checking the box for "retaliation" and stating in relevant part in her narrative:

> [I]n August, 2008, my co-worker Melissa informed me that she had been sexually harassed and that she feared that she was being retaliated against. I witnessed the retaliation. I complained to Lu Ann HR Manager but nothing was done. Instead, I noticed that now, the supervisors . . . are leering at me all the time. They started following me to the bathroom and would stay inside until I was done. Around November 2008, I witnessed a co-worker, Donita, being sexually harassed by another co-worker. Donita informed that she had complained to HR but they did not do anything about it. I went to complain on her behalf too and was told by Betty "she should come to me about the issue not you." . . . . The Vice-President of the Company, Dave, also came to talk to me and lectured me about the "integrity and productivity of the company." Since I talked to HR about the sexual harassment, I have been forced into different meetings and have been written up. In addition, I have not received a raise and I know of another co-worker who has been there for only six months and now makes more than I do. I feel like the Company is discouraging employees from coming forward with sexual harassment complaints. I also feel that my job is in jeopardy.
>
> I feel like I am being retaliated against for opposing an unlawful employment act and for my association with my co-worker, who also opposed the unlawful act, all in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Compl. Ex. 1.) Just six weeks after Renner filed this EEOC charge, that is, on January 22, 2009, Halex terminated her employment. (Compl. ¶ 22.) On October 22, 2009, the EEOC issued a Dismissal and Notice of Rights to Renner. (Compl. Ex. 2.)

Renner filed a complaint against Halex on January 5, 2010, in Steuben Circuit Court, and Halex timely removed the action to this Court. (Docket # 1, 2.) In her complaint, Renner asserts that she was sexually harassed on a daily basis at Halex, discriminated against on the basis of her gender, and then retaliated against. (Docket # 1.) Renner claims, among other things, that Halex discriminated and retaliated against her by awarding "unfair and unjustified discipline and write-ups", refusing her "transfers and job promotions that she was qualified for", and ultimately, by terminating her employment. (Compl. ¶¶ 19, 20, 22.)

## III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure Rule 12(b)(6), claims may be dismissed for "failure to state a claim upon which relief can be granted". "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits." *U.S. E.E.O.C. v. Roadway Express, Inc.*, No. 06 C 4805, 2007 WL 2198363, at *2 (N.D. Ill. July 31, 2007) (citing *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990)). The court further must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in the plaintiff's favor. *Atkins v. Coca Cola Enters., Inc.,* No. 07 c 1038, 2007 WL 4219196, at *3 (N.D. Ill. Nov. 28, 2007) (citing *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995)); *see also Looper Maint. Serv., Inc. v. City of Indianapolis*, 197 F.3d 908, 911 (7th Cir. 1999).

Dismissal of a complaint is appropriate where a plaintiff has failed to exhaust her administrative remedies. *Hodowaniec v. Raco*, No. 3:05-CV-306 RM, 2005 WL 3556422, at *1 (N.D. Ind. Dec. 22, 2005) (citing *Perkins v. Silverstein*, 939 F.2d 463, 469-70 (7th Cir. 1991)). That is, "[a]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Roadway Express*, 2007 WL 2198363, at *2 (quoting *Cheek W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994)). "This serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion, and of giving the employe[r] some warning of the conduct about which the employee is aggrieved." *Id*. (quoting *Cheek*, 31 F.3d at 500) (alteration in original).

Nevertheless, because employees often file EEOC charges without the assistance of a lawyer, "a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint.'" *Id*. (citing *Cheek*, 31 F.3d at 500).

"The test for determining whether an EEOC charge encompasses the claims in the complaint is whether 'there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" *Id.* (quoting *Cheek*, 31 F.3d at 500). To meet this standard, the Seventh Circuit Court of Appeals "requires, at a minimum, that the charge and the complaint describe the same conduct and implicate the same individuals." *Id.* (citing *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996)).

## IV. DISCUSSION

Halex seeks to dismiss Renner's claims of sexual harassment, sex discrimination, and retaliation arising from her termination, contending that she failed to exhaust her administrative remedies with respect to these claims—that is, that she failed to encompass these claims in her EEOC charge. Of these three, only Renner's retaliation claim arising from her termination ultimately survives.[1]

### A. Renner's Retaliation Claim Arising From Her Termination Survives

Halex, citing *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), argues that Renner's claim of retaliation arising from her termination should be dismissed because she never filed a second EEOC charge *after* she was terminated. Renner, however, contends that under a well-recognized exception in Seventh Circuit case law, she was not required to file a second EEOC charge in order to advance this retaliation claim.

Indeed, under *Morgan*, ordinarily each discriminatory act, such as failure to promote,

---

[1] Halex concedes that Renner properly exhausted her administrative remedies with respect to her retaliation claim arising from any alleged unjust discipline and failure to promote (Br. in Supp. 7), and thus it does not seek to dismiss this claim in the instant motion.

4

denial of transfer, or termination, "starts a new clock for filing charges alleging that act". *Troutt v. City of Lawrence*, No. 1:06-CV-1189-DFH-TAB, 2008 WL 3287518, at *12 (S.D. Ind. Aug. 8, 2008) (quoting *Morgan*, 536 U.S. at 113). And as explained *supra*, "[g]enerally, a plaintiff may not bring claims in a court action that were not included in the charge that the plaintiff filed with the EEOC." *Loparco v. Vill. of Richton Park*, No. 08 C 2747, 2008 WL 4696071, at *2 (N.D. Ill. Oct. 22, 2008) (citing *Kersting v. Wal-Mart, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001)). The Seventh Circuit Court of Appeals, however, has recognized an exception to that rule with respect to retaliation claims, which Halex has apparently overlooked. *See, e.g.*, *Troutt,* 2008 WL 3287518, at *12; *Loparco*, 2008 WL 4696071, at *2; *Kruger v. Principi*, 420 F. Supp. 2d 896, 906 (N.D. Ill. 2006).

The exception provides that "[i]f the alleged retaliation claim arose *after* the EEOC charge was filed, the plaintiff need not file another EEOC charge." *Kruger*, 420 F. Supp. 2d at 906 (citing *McKenzie*, 92 F.3d at 482-83) (emphasis added); *see also Spellman v. Tubing*, No. 4:06-cv-0013-DFH-WGH, 2007 WL 1141961, at *1 (S.D. Ind. Apr. 12, 2007). Stated another way, "[t]o avoid unduly burdening the EEOC . . ., courts may permit employees who have filed a prior charge of discrimination and later allege that they were retaliated against because of that charge to be excused from filing yet another charge." *Troutt*, 2008 WL 3287518, at *12 (citing *Horton v. Jackson County Bd. of County Comm'rs*, 343 F.3d 897, 898 (7th Cir. 2003)); *Eruteya v. City of Chicago*, No. 04 C 1482, 2005 WL 563213, at *4 (N.D. Ill. Mar. 9, 2005) ("[T]he Seventh Circuit has held that a plaintiff is allowed to bring a retaliation claim, even if that claim is not included in the EEOC charge, if the plaintiff alleges that the retaliation occurred *after* the filing of the EEOC charge.").

5

"This exception for later-filed retaliation claims is policy-driven; namely, a desire to avoid needless, repetitious procedure." *Kruger*, 420 F. Supp. 2d at 907. The later-filed retaliation claim, however, must be "(1) similar or reasonably related to the allegations in the EEOC charge and (2) grow out of those allegations." *Id.* (citing *McKenzie*, 92 F.3d at 481-82); *see also Richmond-Jeffers v. Porter Twp. Sch. Corp.*, No. 2:08-CV-278, 2009 WL 684767, at *4 (N.D. Ind. Mar. 11, 2009); *Loparco*, 2008 WL 4696071, at *2.

Here, Renner filed her EEOC charge on December 10, 2008, asserting that she was retaliated against for speaking out against the sexual harassment of a co-worker. She checked the box for "retaliation" and alleged in the narrative section of her charge that as a result of her complaints to management, she was forced into different meetings, written up, scrutinized for restroom breaks, and denied a pay raise. (Compl. Ex. 1.) She also stated that she felt her job was in jeopardy. (Compl. Ex. 1.) She was terminated just six weeks after filing this charge.

Obviously, when accepting all factual allegations in the complaint as true and drawing all reasonable inferences from those facts in Renner's favor, *Looper*, 197 F.3d at 911, it is quite easy
to conclude on this record that Renner's claim of retaliation arising from her termination is "similar or reasonably related to the allegations in the EEOC charge" and grew out of those allegations. *Kruger*, 420 F. Supp. 2d at 907. Indeed, the timing of these events alone suggests that the termination naturally "grew out" of the allegations in the charge. *Richmond-Jeffers*, 2009 WL 684767, at *4. Furthermore, due to the short interval between the filing of her charge and her subsequent termination, the EEOC certainly would have learned of her termination in the course of its investigation of her other complaints of retaliation. *See id.* at *5 ("[A] short interval

between the charge and the complained of event does not prove a lack of exhaustion when the EEOC would have learned [of the subsequent event] in the course of its investigation.") (quoting *Isaacs v. Hill's Pet Nutrition, Inc.*, 485 F.3d 383, 385 (7th Cir. 2007) (alteration in original) (internal quotation marks omitted). Clearly, Renner's retaliation claim arising from her termination squarely fits within the Seventh Circuit's recognized exception for later-filed retaliation claims.

Consequently, Renner's failure to file a second charge with the EEOC is not fatal to her claim, and thus the retaliation claim arising from her termination will survive.

### B. Renner's Claims of Sexual Discrimination Will Be Dismissed

In contrast, Renner failed to exhaust her administrative remedies with respect to her sexual discrimination claim. Therefore this claim will be dismissed.

In her complaint Renner alleges that Halex sexually discriminated against her by administering "unfair and unjustified discipline and write-ups", "refusing her transfers and job promotions that she was qualified for" and then ultimately terminating her. (Compl. ¶¶ 3, 19, 20.) However, Renner never mentioned sexual discrimination in the narrative of her EEOC charge and checked only the box for "retaliation", leaving the box labeled "sex" conspicuously blank. Indeed, all of the allegations in her EEOC charge center on her belief that she was retaliated against for complaining that two of her co-workers were subjected to sexual harassment. Therefore, Renner's EEOC charge and her complaint fail to "describe the same conduct and implicate the same individuals." *McKenzie,* 92 F.3d at 481.

Moreover, though Renner alleged in her EEOC charge that she "had been forced into different meetings" and "written up", she asserted this action occurred only "[s]ince [she] talked

7

to HR about the sexual harassment", thereby linking this action solely to her charge of retaliation. And, while she complained a co-worker with less tenure was paid more than her, she never identified the sex or name of the co-worker. And finally, though she stated in the charge that she thought her job was in jeopardy, she never linked this concern with sexual discrimination and never filed a second charge after she was in fact terminated. On these facts, the EEOC cannot reasonably have been expected to read Renner's EEOC charge as raising the issue of sexual discrimination. *See, e.g.*, *Nair v. Bank of Am. Ill.*, 991 F. Supp. 940, 951-55 (N.D. Ill. 1997) (dismissing plaintiff's race and national origin discrimination claims where the EEOC could not reasonably have been expected to investigate such claims from the particulars of plaintiff's retaliation charge).

"[R]etaliation and discrimination are separate and distinct wrongs. Indeed, the very gist of a retaliatory harassment action is that the employer has 'lashed out' against an employee for [engaging in protected activity], not out of animosity for the employee's [sex]." *Averhart v. Cook County Corr. Dep't*, No. 01 C 5569, 2002 WL 123539, at *3 (N.D. Ill. Jan. 29, 2002) (quoting *Nair*, 991 F. Supp. at 954) (first two alterations in original). As the Seventh Circuit Court of Appeals has stated, retaliation and discrimination are unrelated as a matter of law because the contrary position "would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge . . . ." *O'Rourke v. Cont'l Cas. Co.*, 983 F.2d 94, 97 (7th Cir. 1993) (citation omitted). Consequently, Renner's claim of sexual discrimination will be dismissed.

C. Renner's Claims of Sexual Harassment Will Also Be Dismissed

Like her sexual discrimination claim, Renner failed to exhaust her administrative

remedies with respect to her claim of sexual harassment. Therefore, this claim too will be dismissed.

To explain, Renner alleges in her complaint that she was subjected to sexual harassment on a daily basis throughout her employment in the form of derogatory remarks, unwelcome and offensive touches, sexual advances, crude humor, sexually explicit language, photographs and videos, and demeaning treatment based on her sex. (Compl. ¶¶ 14-17.) Yet, though Renner mentioned "sexual harassment" several times in her EEOC charge, she alleged that unnamed individuals at Halex sexually harassed two of her co-workers, never claiming that she herself was a victim of sexual harassment and never describing any of the foregoing conduct. As explained previously, the Seventh Circuit "requires, at a minimum, that the charge and the complaint describe the same conduct and implicate the same individuals." *Roadway Express*, 2007 WL 2198363, at *2 (citing *McKenzie*, 92 F.3d at 481); *see also Cheek*, 31 F.3d at 501. Here, Renner fails on both counts.

The closest that Renner comes to asserting in her EEOC charge that she was sexually harassed is her allegation that two supervisors were "leering at [her] all of the time" and "following [her] to the bathroom". However, Renner explicitly states that this conduct began *after* she complained about the sexual harassment of one of her co-workers, linking this conduct solely to her claim of retaliation. *See, e.g.*, *Nair*, 991 F. Supp. at 954 (linking plaintiff's allegations in her EEOC charge to retaliation where they "purport to describe a telling temporal sequence") (citation and internal quotation marks omitted). As explained previously, "retaliation and discrimination are separate and distinct wrongs." *Id.*; *see Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003) ("Normally, retaliation, sex discrimination, and sexual harassment

9

charges are not 'like or reasonably related' to another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another."). The EEOC simply could not have been reasonably expected to investigate Renner's claim that she was sexually harassed from the particulars of her charge alleging retaliation. *Nair*, 991 F. Supp. at 944-45. Therefore, Renner's claim of sexual harassment will not survive.

## V.  CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss (Docket # 12) is GRANTED IN PART and DENIED IN PART, in that Renner's retaliation claims SURVIVE but her sexual discrimination and sexual harassment claims are DISMISSED.

SO ORDERED.

Enter for the 14th day of April, 2010.

S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge